Filed 5/25/22  P. v. Pitts CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> THOMAS EARL PITTS, JR., <br><br> Defendant and Appellant. | F082664, F082665 <br><br> (Super. Ct. Nos. F17904500, F18902307) <br><br><br> **OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Michael G. Idiart, Judge.

Victoria H. Stafford, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Catherine Chatman, Kimberley A. Donohue and Eric L. Christoffersen, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]      Before Franson, Acting P. J., Meehan, J. and DeSantos, J.

Defendant Thomas Earl Pitts, Jr., contends on appeal that this court should order the correction of the clerical errors in the abstract of judgment and minute orders.

We also ordered the parties to submit supplemental briefing regarding the impact of Senate Bill No. 567 (2021–2022 Reg. Sess.) (Senate Bill 567), which modified Penal Code section 1170, subdivision (b),[1] to require imposition of the middle term of imprisonment unless circumstances in aggravation justify imposition of a greater sentence. (Stats. 2021, ch. 731, § 1.3.) It further modified section 1170, subdivision (b), to require that the circumstances in aggravation be found true beyond a reasonable doubt or be stipulated to by the defendant. (*Ibid.*) Defendant contends his sentence must be vacated and the case remanded for resentencing in light of Senate Bill 567's amendments to section 1170, subdivision (b).

We order the trial court to amend the minute orders to reflect that defendant pled nolo contendere to one count of possession of child pornography in case No. F17904500 and one count of possession of child pornography in case No. F18902307, and the minute order in case No. F18902307 to reflect that his sentence in case No. F18902307 is consecutive to his sentence in case No. 17904500. The sentence is vacated and the matter is remanded for resentencing in light of amended section 1170, subdivision (b). In all other respects, we affirm. After resentencing, the trial court is directed to prepare an amended abstract of judgment correctly reflecting the offenses to which defendant pled no contest.

## PROCEDURAL SUMMARY

On June 26, 2019, the Fresno County District Attorney filed an information in case No. F17904500 charging defendant with possession of child pornography (§ 311.11, subd. (b); count 1).[2] The same day, the Fresno County District Attorney filed another

---

[1] All statutory references are to the Penal Code.

[2] This court consolidated defendant's cases for purposes of appeal.

2.

information in case No. F18902307 charging defendant with possession of child pornography (§ 311.11, subd. (b); count 1).

On April 30, 2020, after initially pleading not guilty, defendant changed his plea in both cases to nolo contendere based on *People v. West*,[3] and admitted two prior strike convictions. On April 8, 2021, the trial court struck defendant's prior strikes pursuant to *Romero*,[4] and sentenced him to an aggregate term of seven years, four months in state prison, consisting of six years (the upper term) in case No. F17904500, followed by a consecutive one year four months (one-third the midterm) in case No. F18902307.

On April 14, 2021, defendant filed a notice of appeal in each of his cases.

## FACTUAL SUMMARY

On September 24, 2016, Coalinga State Hospital staff observed defendant masturbating to images of child pornography. A later search of his room, including media and electronic devices, revealed two thumb drives that contained thousands of child pornography images and videos.

On January 18, 2017, Coalinga State Hospital police officers confiscated from defendant six microSD cards hidden in his eyeglasses case. The cards contained thousands of images and videos of child pornography.

## DISCUSSION

### I. Clerical Errors

Defendant contends that the minute orders and abstract of judgment filed in each of his cases erroneously refer to his convictions in case No. F18902307 as attempted possession of child pornography. The People agree, as do we. We instruct the trial court to amend the minute orders and abstract of judgment to reflect that defendant pled nolo contendere to possession of child pornography in case No. 17904500 and possession of

---

[3]     *People v. West* (1970) 3 Cal.3d 595.

[4]     *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497.

3.

child pornography in case No. F18902307.  We also instruct the trial court to amend the minute order in case No. F18902307 to reflect that the sentence imposed by the trial court in case No. F18902307 is consecutive, not concurrent.  After resentencing, the trial court is directed to prepare an amended abstract of judgment correctly reflecting the offenses to which defendant pled no contest.

" 'The reason for requiring a minute entry of the judgment in a criminal case is to furnish a concise record showing the crime of which the defendant has been convicted and the punishment imposed, which will protect him against a subsequent prosecution for the same offense.  [Citations.]' " (*People v. Zackery* (2007) 147 Cal.App.4th 380, 386.) "The clerk cannot supplement the judgment the court actually pronounced by adding a provision to the minute order and the abstract of judgment." (*Id*. at pp. 387–388.) "Where there is a discrepancy between the oral pronouncement of judgment and the minute order or the abstract of judgment, the oral pronouncement controls." (*Id*. at p. 385; *People v. Mitchell* (2001) 26 Cal.4th 181, 185–186.)

" '[A] court has the inherent power to correct clerical errors in its records so as to make these records reflect the true facts.' " (*People v. Baker* (2021) 10 Cal.5th 1044, 1109.)  This power includes correcting abstracts of judgment or minute orders to reflect the proper convictions or proceedings. (*Ibid*.; *People v. Robinson* (2010) 47 Cal.4th 1104, 1143.)

Here, defendant pled nolo contendere to two counts of possession of child pornography, one count in each of his cases.  Because the abstract of judgment reflects one conviction for possession of child pornography in case No. F17904500, but one conviction for attempted child pornography in case No. F18902307, they are inaccurate.

Additionally, in each case, the clerk's minute orders from the hearings at which defendant changed his plea reflect the following:  "Plea amended to Nolo Contendere as to count001.  Possess Obscene Matter of Minor: Attempt."  The minute orders incorrectly

refer to the counts as attempted possession of child pornography. That the minute orders refer to the plea as "amended," however, is not erroneous as defendant did change his plea from not guilty to nolo contendere, therefore "amending" his plea.

The minute order in case No. 18902307 also incorrectly refers to his sentence in case No. F18902307 as concurrent, rather than consecutive, to his sentence in case No. F17904500.

Accordingly, we instruct the trial court to amend the minute orders to reflect that defendant pled nolo contendere to one count of possession of child pornography in case No. F17904500 and one count of possession of child pornography in case No. F18902307, and the minute order in case No. F18902307 to reflect that the sentence in case No. F18902307 is consecutive to his sentence in case No. F17904500. After resentencing, the trial court is directed to prepare an amended abstract of judgment correctly reflecting the offenses to which defendant pled no contest.

## II.    Senate Bill 567

Defendant contends the trial court's sentence to the upper term on count 1 in case No. F17904500 should be vacated and remanded in light of Senate Bill 567's amendments to section 1170, subdivision (b). The People argue that although Senate Bill 567's amendments to section 1170, subdivision (b), apply here, vacating defendant's sentence and remanding the case for resentencing is unnecessary because the trial court relied on defendant's admission of his prior strikes, in accordance with section 1170, subdivision (b)(3), in imposing the upper term on count 1 in case No. F17904500. We vacate defendant's sentence and remand defendant's case for resentencing.

### A.    *Background*

In case No. F17904500, the trial court sentenced defendant to the upper term of six years. In case No. F18902307, defendant was sentenced to one year, four months (one-third the midterm), consecutive.

5.

Defendant admitted two prior strike offenses. When the trial court inquired as to a factual basis for the offenses and strikes, defense counsel stated, "*People versus West*." (Italics added.) The court dismissed the prior strikes pursuant to *Romero*.

The trial court sentenced defendant to the upper term on count 1 in case No. F17904500, citing defendant's criminal history and the facts of the case as factors in aggravation. The trial court stated:

> "I am going to impose the upper term of 6 years, and that is based upon your record and the facts of this case."

### B. Law

On October 8, 2021, Senate Bill 567 was signed into law. It amends the determinate sentencing law, section 1170, subdivision (b), which delineates the trial court's authority to impose one of three statutory terms of imprisonment, known as the lower, middle, or upper terms, by making the middle term the presumptive sentence for a term of imprisonment, unless certain circumstances exist. (See Stats. 2021, ch. 731, § 1.3, adding § 1170, subd. (b)(1), (2).) Effective January 1, 2022, under the newly amended law, the trial court may impose an upper term sentence only where there are circumstances in aggravation, and the facts underlying all of the aggravating circumstances have been stipulated to by the defendant or found true beyond a reasonable doubt by a jury or court trial. (*Ibid*.) However, under section 1170, subdivision (b)(3), the trial court,

> "may consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury." (§ 1170, subd. (b)(3).)

Under amended section 1170, subdivision (b)(5), the trial court must "set forth on the record the facts and reasons for choosing the sentence imposed. The court may not impose an upper term by using the fact of any enhancement upon which sentence is imposed under any provision of law." (§ 1170, subd. (b)(5).)

6.

## C. Analysis

Senate Bill 567 went into effect on January 1, 2022. Absent evidence to the contrary, the Legislature intends amendments to statutes that reduce the punishment for a particular crime to apply to all defendants whose judgments are not yet final on the amendment's operative date. (*People v. Superior Court (Lara)* (2018) 4 Cal.5th 299, 307–308 [discussing *In re Estrada* (1965) 63 Cal.2d 740]; *People v. Brown* (2012) 54 Cal.4th 314, 323.) The "consideration of paramount importance" is whether the amendment lessens punishment. (*Estrada*, at p. 744.) If so, the "inevitable inference [is] that the Legislature must have intended that the new statute" apply retroactively. (*Estrada*, at p. 745.) As Senate Bill 567's amendments to section 1170, subdivision (b), lessen punishment, and there is no indication that the Legislature intended it to apply prospectively only, the new law must be retroactively applied. Therefore, the amendment to section 1170, subdivision (b), applies to all cases not final on Senate Bill 567's effective date. (*Estrada*, at pp. 745–746; *People v. Flores* (2022) 73 Cal.App.5th 1032, 1039.)

As the parties agree, defendant's case was not final on January 1, 2022, and he was sentenced to the upper term on count 1 in case No. F17904500 under former section 1170, subdivision (b). We agree. Defendant is entitled to the benefit of Senate Bill 567.

Here, defendant's sentence to the upper term on count 1 in case No. F17904500 by the trial court is not consistent with the requirements of Senate Bill 567's amendment to section 1170, subdivision (b), because, while the record reflects that the trial court relied upon a stipulation by defendant as to his prior convictions, the trial court also considered factors that were not admitted by defendant or proved beyond a reasonable doubt.

The trial court clearly considered defendant's criminal history as a factor in favor of sentencing defendant to the upper term for count 1 in case No. F17904500. When it determined that it was sentencing defendant to the upper term, the trial court stated, "I am

7.

going to impose the upper term of 6 years, and that is based upon your record and the facts of this case." Under amended section 1170, subdivision (b)(3), a trial court may only consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury. (§ 1170, subd. (b)(3).) If the prior convictions are not included in the record in a certified record of conviction, then they must be proven by a jury or admitted by defendant. (§ 1170, subd. (b)(2).) In this case, the trial court relied on defendant's admission that he had been convicted of two prior strike convictions. Although the trial court did not rely upon certified records of defendant's convictions, the People are correct that defendant's admission of his two prior convictions were stipulations by the defendant as to his prior convictions. (§ 1170, subds. (b)(2), (3).)

However, the trial court's statement also shows that it relied on "the facts of this case" in sentencing defendant to the upper term in case No. F17904500. Under amended section 1170, subdivision (b)(2), the facts underlying all aggravating circumstances must be stipulated to by the defendant or found true beyond a reasonable doubt by a jury or court trial. (§ 1170, subd. (b)(2).) Here, they were not. Defendant pled nolo contendere, based on *People v. West*, *supra*, 3 Cal.3d 595. A *West* plea is " 'a plea of nolo contendere, not admitting a factual basis for the plea,' " which "allows a defendant to plead guilty in order to take advantage of a plea bargain while still asserting his or her innocence." (*People v. Rauen* (2011) 201 Cal.App.4th 421, 424; see *In re Alvernaz* (1992) 2 Cal.4th 924, 932.)

The trial court relied not only on defendant's criminal history, but also other factors, as discussed above, when imposing the upper term on count 1 in case No. F17904500. As the record reflects that the trial court considered "the facts of this case," but there was no jury or court trial to prove the underlying facts upon which the trial court stated that it also relied, and defendant only admitted his prior convictions, we

8.

must vacate defendant's sentence and remand for resentencing in light of section 1170, subdivision (b). We express no opinion on how the trial court should rule.

## DISPOSITION

We instruct the trial court to amend the minute orders to reflect that defendant pled nolo contendere to one count of possession of child pornography in case No. F17904500 and one count of possession of child pornography in case No. F18902307, and the minute order in case No. F18902307 to reflect that his sentence in case No. F18902307 is consecutive to his sentence in case No. 17904500. The sentence is vacated and the matter is remanded for resentencing in light of amended section 1170, subdivision (b). In all other respects, we affirm. After resentencing, the trial court is directed to prepare an amended abstract of judgment correctly reflecting the offenses to which defendant pled no contest.